Neither of the exceptions in arrest of judgment is good. (417) The expiration of the charter of the Bank, whereof the plaintiff was cashier at the time of the execution of the note on which he brought this action, is a circumstance which in no way affects his right to recover the debt demanded. It was due to him personally. The word "cashier" was but descriptive of the individual to whom the note *Page 328 
was made payable. The legal interest of the debt was in the plaintiff. The action was properly brought by him and the judgment rendered for him in his natural capacity. Whether he was a trustee for the Bank, or any other person, is an inquiry with which a court of law has no concern.
There has been no discontinuance of the action, whereof the defendants can take advantage. A judgment had been rendered for the plaintiff, which put the defendants out of court. But they came into court, had the judgment set aside, and, at the same term pleaded over to the action. Subsequently to this voluntary appearance on their part the cause has been regularly continued in court until the final judgment. But if there had been a discontinuance, it is cured by the verdict under the statute, 32 Henry VIII, and our act of amendment. 1 Rev. Stat., ch. 3, sec. 5. The judgment is affirmed with costs.
PER CURIAM. Judgment affirmed.
Cited: Whitehead v. Griffin, 47 N.C. 4; Fox v. Horah, 36 N.C. 359.
(418)